■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ALSTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered February 18, 1977, convicting him of rape in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed (see *People v Crimmins,* 36 NY2d 230). We deplore the comments made by the prosecutor in this case during summation, and warn that in doubtful cases such practices, as here indulged in, will lead to reversal. Margett, J. P., Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROLAND ELDER, SONNY HODGES and CARTON MIMS, Respondents.—Appeal by the People from three orders of the Supreme Court, Kings County, one dated October 1, 1976, and two dated November 16, 1976, which, after a hearing, granted defendants' motions to suppress oral and physical evidence. Orders reversed, on the law and the facts, and motions denied. Although defendants were detained at gunpoint, the facts justified such a detention. The police observed the defendants gesturing to one another, obviously positioning themselves around a parked United Parcel Service truck. The defendants approached the truck, but apparently missed their opportunity to do anything when the truck moved away too soon. They again approached the truck when it stopped at a corner. At this point the police officers approached in their vehicle. When the officers were spotted, the defendants quickly stopped and crossed the street—one did so after making a "tap dance" motion and widening his eyes as if surprised. While observing the defendants, the police detected a weighted object in the right pocket of defendant Mims' coat. The officers then alighted from their vehicle and one drew his revolver. The defendants were ordered to place their hands on the wall, but Mims placed his hands in his coat pockets and refused to remove his right hand, which was ultimately removed from the pocket by force. A weapon was then taken from that right-hand pocket. Under these very suspicious circumstances, the experienced officers quite reasonably felt that a robbery was being attempted. The situation, as patiently observed by the officers, justified the forcible stop employed. Additionally, the confession obtained from defendant Elder was given voluntarily after his *Miranda* rights were read (see *Miranda v Arizona,* 384 US 436). There is no indication in the record that the confession was induced by a promise to have his car returned. Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.